IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHESTER DEES, MARCUS HUBBARD, WANDA JUNE KIRKPATRICK, and JIMMY SANTANA<br><br>*Plaintiffs,*<br><br>v.<br><br>FEVID TRANSPORT, LLC AND SAND REVOLUTION II, LLC<br><br>*Defendants.* | §§§§§§§§§§§§§§ Civil Action No. 1:24-cv-00873-MIS-KK |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55, Plaintiffs Chester Dees, Marcus Hubbard, Wanda June Kirkpatrick, and Jimmy Santana ("Plaintiffs") moves this Court for entry of Default Judgment against Defendants FEVID Transport, LLC and Sand Revolution II, LLC (collectively "Defendants" or "FEVID") and in support thereof would show the following:

## INTRODUCTION

1. On August 30, 2024, Plaintiffs sued Defendants to recover unpaid overtime wages and other damages under the NMMWA and the FLSA. *See* Dkt. No. 1.

2. On September 5, 2024, Defendant FEVID Transport, LLC was personally served by delivering true and accurate copies of the Class Action Complaint and Summons to Rene Macher, who was authorized to accept service on behalf of Defendant FEVID Transport, LLC. (Exhibit A, Proof of Service on FEVID Transport, LLC). Defendant FEVID Transport, LLC has not filed a responsive pleading or otherwise defended the suit. (Exhibit C, Declaration of Benjamin Allen).

3. On September 5, 2024, Defendant Sand Revolution II, LLC was personally served by delivering true and accurate copies of the Class Action Complaint and Summons to Rene Macher, who was authorized to accept service on behalf of Defendant Sand Revolution II, LLC. (Exhibit B, Proof of Service on Sand Revolution II, LLC). Defendant Sand Revolution II, LLC has not filed a responsive pleading or otherwise defended the suit. (Exhibit C, Declaration of Benjamin Allen).

4. On October 7, 2024, the Clerk entered a default, noting that "Defendants FEVID Transport, LLC and Sand Revolution II, LLC, against whom judgment for affirmative relief is sought in this action, has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure." (Dkt. No. 6).

5. Shortly before Plaintiffs planned to file their motion for default judgment, on October 18, 2024, counsel for Defendants contacted Plaintiffs' counsel and Plaintiff's counsel offered not to oppose Defendants' forthcoming motion to set aside the clerk's default. (Exhibit D, Email between Counsel for Plaintiffs and Defendants). Over a week after making this offer to Defendants' counsel, it had failed to make an appearance and counsel for Plaintiffs' therefore asked for a date certain by when Defendants' counsel would appear. (*Id.*). Defendants' counsel represented that it would file such an appearance by "mid week" following the week of October 28 through November 1, 2024.

6. That deadline came and went, and on November 12, 2024, this Court entered an order for Plaintiffs to file a motion for default or show cause why the case should not be dismissed for failure to prosecute by November 26, 2024. (Dkt. No. 8). Accordingly, counsel for Plaintiffs now files this motion.

7. The Court's November 12, 2024 order also notes that the registered agents for both Defendants are different on the New Mexico Secretary of State's website than that listed in the Complaint and than that used to accomplish service. At the time of service, the address noted in the Complaint was current, and it was subsequently changed on September 9, 2024 for Sand Revolution II, LLC and October 21, 2024 for FEVID Transport, LLC. (Exhibit C, ¶¶3-4; Exhibit C-1; Exhibit C-2).

## ARGUMENT & AUTHORITIES

8. Pursuant to Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

9. The Court should enter default judgment against Defendant FEVID Transport, LLC and Defendant Sand Revolution II, LLC because they did not file a responsive pleading or otherwise defend the suit within 21 days after September 5, 2024, the date of service of Plaintiffs' Class Action Complaint. FED. R. CIV. P. 12(a)(1)(A)(i); FED. R. CIV. P. 55.

10. The Complaint's allegations prove the substantive elements for Plaintiffs' claims.

11. Defendants are joint employers because "[e]ach Defendant acts directly or indirectly in the interest of 'FEVID' in relation to Plaintiffs." (Dkt. No. 1, ¶ 22). The entities are a joint enterprise. 28 C.F.R. § 791.2(b)(2); N.M. STAT. § 50-4-21 (defining "employer by the same standard). In fact, the FEVID Transport website is www.sandrevolution.com, and bears both trade names in advertising for drivers like Plaintiffs "to Join the FEVID Transport Team!" (last accessed November 13, 2024). They are also represented jointly by the same counsel and share the same registered agent. (Exhibit C; Exhibit D).

12. Both the New Mexico Minimum Wage Act ("NMMWA") and the Fair Labor Standards Act ("FLSA") require payment overtime equal to one-and-one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek. N.M. STAT. § 50-4-22(E); 29 U.S.C. § 216. 0.

13. As alleged in the Complaint, "Defendants classified the [Plaintiffs] as exempt and paid them the same rate of pay regardless of the number of hours that they worked in each workweek and failed to compensate them at one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours." (Dkt. No. 1, ¶ 35). Employers bear the burden of proof to defend their classification of employees as exempt from overtime. *Lederman v. Frontier Fire Prot., Inc.*, 685 F.3d 1151, 1158 (10th Cir. 2012).

14. Plaintiffs regularly worked 12 to 14 hour shifts and worked well in excess of forty hours per week. (*Id.*, ¶ 5).

15. Defendant FEVID Transport, LLC is a foreign limited liability company and, thus, is not a minor or an incompetent person.

16. Defendant FEVID Transport, LLC is a foreign limited liability company and, thus, is not in military service.

17. Defendant Sand Revolution II, LLC is a foreign limited liability company and, thus, is not a minor or an incompetent person.

18. Defendant Sand Revolution II, LLC is a foreign limited liability company and, thus, is not in military service.

19. In light of these facts, Plaintiffs are entitled to entry of Default pursuant to Rule 55.

20. Due to the nature of the relief requested, Plaintiffs request that they be permitted 45 days from the entry of the Order of Default Judgment to present affidavits supporting their

calculation of damages, fees, and costs.

## CONCLUSION

    Plaintiffs respectfully request that this Court approve the Motion and enter Judgment by Default against Defendants.

November 13, 2024                          Respectfully submitted,

                                                     */s/ Benjamin W. Allen*
                                                     Benjamin W. Allen
                                                     NM Federal Bar No. 21-37
                                                     Wallace & Allen, LLP
                                                     440 Louisiana, Suite 590
                                                     Houston, Texas 77002
                                                     Telephone: (713) 224-1744
                                                     Facsimile: (713) 600-0034
                                                     ballen@wallaceallen.com

                                                     **COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that, on November 13, 2024, I served this instrument in accordance with the Federal Rules of Civil Procedure:

**Via CMRRR:**

FEVID Transport, LLC
202 South Minnesota Street
Carson City, Nevada 89103

Sand Revolution II, LLC
518 Peoples Street
Corpus Christi, Texas 78401

FEVID Transport, LLC
Sand Revolution II, LLC
c/o Registered Agent: Northwest Registered Agent, Inc.
1209 Mountain Road PL NE, Ste. N
Albuquerque, NM 87110

**Courtesy Copy Via Email to:**

George R. Gibson
Nathan Sommers Gibson Dillon PC
1400 Post Oak Boulevard, Suite 300
Houston, Texas 77056

**PUTATIVE ATTORNEY FOR DEFENDANTS**

                              */s/ Benjamin W. Allen*
                              Benjamin W. Allen