## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CHESTER DEES,
MARCUS HUBBARD,
WANDA KIRKPATRICK,
and JIMMY SANTANA,

      Plaintiffs,

v.

                                        Case No. 1:24-cv-00873-MIS-KK

FEVID TRANSPORT, LLC,
and SAND REVOLUTION II, LLC,

      Defendants.

## ORDER SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED NOTICE AND CONSENT FORMS, AND AUTHORIZING NOTICE TO POTENTIAL COLLECTIVE MEMBERS

THIS MATTER is before the Court on the proposed notice ("Proposed Notice") and consent ("Consent") forms Plaintiffs wish to distribute to potential Fair Labor Standards Act ("FLSA") collective action members, filed June 4, 2025. ECF No. 46. The same day, Defendants filed Objections to the Proposed Notice and Consent ("Objections"). ECF No. 47. Plaintiffs did not respond to Defendants' Objections. Upon review of the Proposed Notice and Consent, the Objections, the record, and the relevant law, the Court will **SUSTAIN IN PART AND OVERRULE IN PART** Defendants' Objections and authorize notice to potential collective action members.

## I.      Background

On August 30, 2024, Plaintiffs filed this lawsuit against Defendants as a class action under the New Mexico Minimum Wage Act and as a class and collective action under the FLSA. Compl. ¶¶ 1, 13, 40, 41, ECF No. 1. With regard to the FLSA claim, the Complaint's prayer for relief

requests "Judgment that Defendants violated the FLSA by failing to pay Plaintiffs and the Class Members' overtime compensation[,]" and "an Order awarding Plaintiffs and the Class Members all unpaid overtime compensation, an amount equal to twice their unpaid wages as liquidated damages, interest and all available penalty wages under the FLSA[.]" Id. ¶¶ 68(g), (h).

On May 21, 2025, the Court issued an Order conditionally certifying this case as a collective action under the FLSA, 29 U.S.C. § 216(b), which conditionally certified the following collective:

> All of Defendants' current and former truck drivers who hauled loads that began and/or ended in New Mexico, worked over forty (40) hours in at least one week within the three (3) years preceding the filing of this lawsuit, and were not paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours.

ECF No. 45 at 16. However, the Court reserved ruling on the form and content of the notice and consent forms, ordered the Parties to confer in a good faith attempt to draft notice and consent forms acceptable to all Parties, and ordered the Parties to "jointly submit stipulated notice and consent forms, or, if they cannot agree, [to] file their competing notice and consent forms for the Court's consideration[.]" Id. at 15-16.

On June 4, 2025, Plaintiffs filed their Proposed Notice and Consent, ECF No. 46, and Defendants filed their Objections thereto, ECF No. 47. Defendants also submitted a redlined version of the Proposed Notice and Consent that reflects where there is disagreement between the Parties. See ECF No. 47-2 at 5-9.

## II.    Legal Standard

"Because opt-in plaintiffs must consent in writing to join a collective action, 29 U.S.C. § 216(b), counsel representing parties in FLSA actions send prospective class members notices to inform them about the lawsuit." Felps v. Mewbourne Oil Co., Inc., 460 F. Supp. 3d 1232, 1240

(D.N.M. 2020) (citation and internal quotation marks omitted). Employees must receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). "In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." Id. at 174.

## III.    Discussion

Initially, the Court has reviewed the redlined version of the Proposed Notice and Consent forms that includes Defendants' proposed alterations and Plaintiffs' commentary on some of those proposed alterations. See ECF No. 47-2 at 5-9. That document reveals that Plaintiffs do not object to many of the proposed alterations, and the Court will incorporate those alterations into the final, authorized Notice and Consent forms,[1] which are attached to this Order as Appendix 1

Additionally, the Court has sua sponte made further, minor alterations to the Notice and Consent forms where necessary. For example, the Notice has been altered to reflect that any trial will take place in Las Cruces, not Albuquerque, and to fix some typographical errors—e.g., Plaintiffs' attorney's telephone number.[2] The Court also substituted "misconduct" for "retaliation for participating in this suit" in Section 4 of the Notice.

The Court now turns to Defendants' Objections.

---

[1]    To be clear, the Court simply "accepted" the unobjected-to "changes" using the Track Changes function in Microsoft Word. The Court also accepted, over Plaintiffs' objection, Defendants' proposal to describe the named Plaintiffs as "Former FEVID Drivers." ECF No. 47-2 at 6 (emphasis added.)

[2]    Both the Notice and Consent forms list Plaintiffs' counsel's telephone number as (713) 224-1744. ECF No. 46 at 2-3. So does the signature block of all of Plaintiffs' filings. See, e.g., Compl. at 13, ECF No. 1; Mot. to Certify Collective Action at 10, ECF No. 34. However, the docket sheet lists Plaintiffs' counsel's telephone number as (713) 227-1744, as does Plaintiffs' counsel's website. See https://wallaceallen.com/. If Plaintiffs' counsel's telephone number is, in fact, (713) 224-1744, as listed on the Proposed Notice and Consent, Plaintiffs may change it back.

### a.     Objection 1

Defendants first object to the Proposed Notice and Consent's mention of a purported FLSA

"gap time" claim.  Obj. at 2.  For context, Plaintiffs' Proposed Notice states, in relevant part:

> **TO:     All current and former FEVID drivers who worked between August 30, 2021 to present.**
>
> **RE:     Unpaid wage lawsuit against FEVID Transport, LLC, and Sand Revolution II, LLC for driver overtime and <u>gap time pay</u>.**
> . . .

### 2. What is this lawsuit about?

> The FEVID Drivers bringing this lawsuit allege that FEVID failed to pay them their unpaid overtime wages and <u>gap time pay</u>.

ECF No. 46 at 1 (emphasis added).  Defendants argue that "pure gap time" claims are not

compensable under the FLSA, it is unclear whether "overtime gap time" is compensable under the

FLSA in the Tenth Circuit, and regardless, Plaintiffs have not "raised a gap time claim or moved

for gap time damages in their operative complaint and ha[ve] not moved to certify a class for a gap

time claim."  Obj. at 2-3 (emphasis omitted).

The Court agrees with Defendants that a reference to "gap time pay" should be omitted

from the Notice.  The Complaint does not plead a claim for unpaid gap time pay or request gap

time damages; indeed, the Complaint does not mention "gap time" at all.  <u>See</u> <u>Charbonneau v.</u>

<u>Mortg. Lenders of Am., L.L.C.</u>, Case No. 2:18-cv-2062-HLT-ADM, 2020 WL 3545624, at *9 n.13

(D. Kan. June 30, 2020) (finding that one mention of "gap time" in a 179-paragraph complaint was

"simply insufficient to plausibly state a claim for unpaid gap time").   More to the point, the Court

did not certify a collective based on unpaid gap time.  Consequently, the Court will remove

references to gap time pay from the Proposed Notice and Consent.

**b.      Objection 2**

Next, Defendants object to the Proposed Notice including language that states that the Notice is "Court Approved" or "Court Authorized" and that it is "Not an Advertisement From a Lawyer." Obj. at 6-7.  They argue that "including multiple reference [sic] to the notice being court-approved undermines the appearance of the Court's neutrality in the notice-giving process." Id. at 6.  They further argue that stating that the Notice is not attorney advertising "gives the false impression that the Court has endorsed the merits of the action." Id. at 7.

The Court disagrees and overrules this objection.  Neither of these statements can reasonably be perceived as judicial endorsement of the merits of Plaintiffs' claims.  Even if they could, the Notice (with the accepted alterations, see Note 1, supra) clarifies:

> This notice is not intended to express any opinion by the Court as to the merit of any claim or defense raised by the parties to this lawsuit. This notice does not mean you have a valid claim or that you are entitled to receive any money.  The Court has not ruled which party will prevail in this lawsuit, or made any decision as to the merits of the Former FEVID Drivers' claims or FEVID's defenses.  However, the Court has authorized this notice to inform you of your right to join this lawsuit.

See ECF No. 47-2 at 6; App. 1 at 2.

**c.      Objection 3**

Plaintiffs' Proposed Notice states: "[I]f the FEVID Drivers who brought this lawsuit win the case, you may receive additional money from the Defendants. If the FEVID Drivers lose, you will receive nothing, but you will not have to pay anything either." ECF No. 46 at 2.  Defendants argue that the Notice should include a statement warning potential opt-in plaintiffs that they may be responsible for paying Defendants' court costs if they lose.  Obj. at 7-8 (citations omitted).

The Court disagrees and overrules this objection.  The Court acknowledges that some courts have ordered such language to be included in a collective action notice "because an award

of costs is a possibility under the existing caselaw[.]" <u>Wass v. NPC Int'l, Inc.</u>, No. 09–2254–JWL, 2011 WL 1118774, at *8 (D. Kan. Mar. 28, 2011).  However, the Court finds that such a possibility is so remote, and the potential for such language to discourage potential plaintiffs from opting into the collective is so high, that inclusion of the language in the Notice is improper.  <u>See</u> <u>Gieseke v. First Horizon Home Loan Corp.</u>, Civil Action No. 04-2511-CM, 2006 WL 2919076, at *2 (D. Kan. Oct. 11, 2006) (overruling the defendants' objection arguing that the collective action notice should advise potential plaintiffs that they may be liable to the defendants for their court costs because "(1) the FLSA is silent as to whether prevailing defendants may recover their costs, and (2) the warning could discourage potential plaintiffs from participating" (citing <u>Austin v. CUNA Mut. Ins. Soc'y</u>, 232 F.R.D. 601, 608 (W.D. Wis. 2006)).

On the other hand, because an award of court costs may be appropriate if, for example, an opt-in plaintiff files a false or frivolous claim, the Court will omit the phrase "but you will not have to pay anything either" from the authorized Notice.  <u>See</u> App. 1 at 2.

### d.    Objection 4

Next, Defendants object to Plaintiffs' proposed ninety-day opt-in period, and request a sixty-day opt-in period instead.  Obj. at 8-9.

The Court overrules the objection.  Defendants have not persuaded the Court that a ninety-day opt-in period is unreasonable or improper.  <u>See</u> <u>Landry v. Swire Oilfield Servs., L.L.C.</u>, 252 F. Supp. 3d 1079, 1131 (D.N.M. 2017) ("Courts within the Tenth Circuit regularly authorize opt-in periods of up to ninety days, reasoning that '90 days represents a reasonable period in which to attempt to contact (and repeat efforts to contact, when necessary) potential class members.'" (quoting <u>Wass</u>, 2011 WL 1118774, at *11) (overruling objection to notice containing a ninety-day

opt-in period and rejecting the defendant's proposed sixty-day opt-in period for proposed collective of pizza delivery drivers)).

      **e.**      **Objection 5**

Next, Defendants argue that the Notice should include details of Plaintiffs' counsel's fee arrangement—specifically, they argue that it should include "the percentage of their counsel's requested fee in the opt-in notice, and whether the fee will be deducted from Plaintiffs' recovery in this action." Obj. at 9. They argue that "[i]f advised of the fees to be sought by Plaintiffs' counsel, potential opt-in plaintiffs may seek other counsel who would request a different fee arrangement. Failure to include this information in the notice deprives the notice class of this opportunity before selecting counsel." Id. at 10. They further argue that courts in this district have required such language in a collective action notice, id. (citing Valencia v. Armada Skilled Home Care of N.M., LLC, Civ. No. 18-1071 KG/JFR, 2020 WL 4606552, at *2 (D.N.M. July 23, 2020)), and note that the "New Mexico Rules of Professional Conduct require this information to be disclosed to the client in writing before beginning or as soon as practicable after beginning the representation[,]" id. (citing N.M. Rule of Prof. Conduct 16-105(B), (D)).

The Court overrules this objection. "A collective action notice must include a statement informing potential opt-in plaintiffs of any fee arrangement, to which the named plaintiffs and their counsel agreed and which may impact the opt-in plaintiffs' recovery." Ni v. Red Tiger Dumpling House Inc., CV 19-3269 (GRB) (AKT), 2020 WL 7078533, at *11 (E.D.N.Y. Nov. 30, 2020) (citing Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 324 (S.D.N.Y. 2007); Mendoza v. Ashiya Sushi 5, Inc., No. 12 Civ. 8629(KPF), 2013 WL 5211839, at *8 (S.D.N.Y. Sep. 16, 2013)). "It is standard for a Notice to include general information so that 'potential class members have a general understanding that plaintiffs' counsel will take a portion of any settlement or money

judgment the class receives.'" <u>Id.</u> (cleaned up) (quoting <u>She Jian Guo v. Tommy's Sushi Inc.</u>, No. No. 14 Civ. 3964(PAE), 2014 WL 5314822, at *4 (S.D.N.Y. Oct. 16, 2014)).

Here, the Notice (with the accepted alterations, <u>see</u> Note 1, <u>supra</u>) states:

> The attorneys for the Former FEVID Drivers are being paid on a contingency fee basis, which means that if there is no recovery there will be no attorneys' fees. If there is a recovery, the attorney for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class.

<u>see</u> ECF No. 47-2 at 6. The Court finds this sufficient to apprise potential opt-in plaintiffs that the fee arrangement may impact their recovery. However, the Court **ORDERS** Plaintiffs' counsel to promptly communicate to each opt-in plaintiff in writing the percentage that will accrue to Plaintiffs' counsel in the event of settlement, trial, or appeal, and otherwise comply with New Mexico Rules of Professional Conduct 16-105(B) and (D).

### f.    Objection 6

Next, Plaintiffs' proposed Consent form states, in part: "I designate Benjamin Allen of the law firm of Wallace & Allen, LLP as my attorney to prosecute my wage claims. If needed, I authorize this lawyer to use this consent to re-file my claim in a separate lawsuit." ECF No. 46 at 3. Defendants object to the Consent form including an option to refile any claims as a separate lawsuit on the grounds that

> it is improper in the context of a notice advising a client of the opportunity to opt-in to this collective action. By consenting to opt-in, opt-in plaintiffs are explicitly stating that they believe they are a member of the class and would like to proceed as a member of this action.

Obj. at 10. Defendants argue that they "should not be required to participate in a process designed to allow Plaintiffs to market their services to Defendants' employees and file new, unrelated actions against Defendants." <u>Id.</u>

8

The Court overrules this objection.  The Court does not interpret this provision as opening the door to "new, unrelated actions against Defendants."  Id.  Rather, the Court interprets this provision as a request for permission to file a separate, related action in the event the collective action is decertified.  Defendants cite no authority finding this type of statement to be improper, and the Court finds that it is not improper.

g.    **Objection 7**

Finally, in the Order conditionally certifying this lawsuit as a collective action, the Court: (1) found that "notice by U.S. mail and email is appropriate in this case, given that the prospective collective members are truck drivers who may be away from their homes for extended periods of time; and, in any event, communication through email is increasingly common in today's society[,]" ECF No. 45 at 14; and (2) stated that it "will permit Plaintiffs' counsel (or collective administrator) to distribute one follow-up 'reminder' notice to those prospective collective members who have not submitted a consent form within thirty days of delivery of the original notice[,]" id. at 15.  Defendants argue that Plaintiffs should be required to provide the text of the email and reminder notice for Court approval.  Obj. at 11.

The Court agrees that the Court must approve the text of the email and reminder notice, but intends that the notices provided by U.S. mail and email be identical.  Accordingly, the Court **ORDERS** Plaintiffs to distribute the Notice and Consent by email in the exact form approved by this Order (attached as Appendix 1).  The Notice shall be the body of the email, but the Consent form may be distributed as an attachment to that email.

Similarly, the Court intends that the "reminder" notice be identical to the Notice and Consent forms approved by this Order (attached as Appendix 1), with one alteration—specifically,

the top of the first page may be altered to read: "**COURT AUTHORIZED REMINDER NOTICE TO POTENTIAL CLASS MEMBERS**[.]"

### III.    Conclusion

Accordingly, it is **HEREBY ORDERED** that:

1.    Plaintiffs' counsel is authorized to give notice of this lawsuit to all potential plaintiffs.  The approved Notice and Consent forms, attached as Appendix 1 to this Order, shall be disseminated by U.S. Mail and e-mail consistent with this Order and the Court's prior Order conditionally certifying a collective action, ECF No. 45;

2.    To facilitate notice to potential opt-in plaintiffs, within fourteen days of entry of this Order, Defendants shall produce to Plaintiffs' counsel the names of all putative collective members, along with their last-known mailing addresses, email addresses, and mobile telephone numbers;

3.    The ninety-day opt-in period shall begin on the following day—i.e., fifteen days from the date of this Order, regardless of whether Defendants produce the contact information before that date, and regardless of whether Plaintiffs' counsel disseminates the notices before that date;

4.    Collective members may execute their consent forms electronically via Docusign; and

5.    Plaintiffs' counsel may send a reminder notice to prospective collective members who have not submitted a consent form by the 30th day of the opt-in period, consistent with this Order and the Court's prior Order conditionally certifying a collective action, ECF No. 45.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE